S. Michael Kernan, Cal. Bar No. 181747
mkernan@kernanlaw.net
R. Paul Katrinak, Cal. Bar No. 164057
pkatrinak@kernanlaw.net
**THE KERNAN LAW FIRM**
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
Telephone: (310) 490-9777
Facsimile: (310) 861-0503

David M. Stein (Cal. Bar # 198256)
dstein@olsonstein.com
**OLSON STEIN LLP**
240 Nice Lane #301
Newport Beach, CA 92663
Phone: 949.887.4600

J. Thad Heartfield (*Pro Hac Vice*)
thad@heartfieldlawfirm.com
M. Dru Montgomery (*Pro Hac Vice*)
dru@heartfieldlawfirm.com
**THE HEARTFIELD LAW FIRM**
2195 Dowlen Road
Beaumont, Texas 77706
Phone 409.866.3318
Fax:   409.866.5789

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

SEACOOL, INC.

     Plaintiff,

  v.

NATIONAL CHASSIS, LLC,

     Defendant.

CASE NO. CV24-01759-SVW (ASx)

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and subject to the approval of the Court, the parties hereby stipulate that this Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties in this lawsuit.

The parties agree that the following Procedures shall be adopted for the protection of confidential and proprietary information:

## I.   INTRODUCTORY STATEMENTS

### A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulate to, and petition the Court to enter, the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential

business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II.   **DEFINITIONS**

2.1   <u>Action</u>: *Seacool, Inc v. National Chassis, LLC, et al., Civil Case No. 2:24-cv-01759 (C.D. Cal.).*

2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

1 | "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
2 | ONLY".

      2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

      2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

      2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

      2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

      2.11    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

      2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

      2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.    SCOPE

3.1    The protections conferred by this Stipulation and Order cover not only Protected Material, but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared or was involved in the preparation of the Protected Material.

3.3    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any public Court filing with the consent of the Producing Party or by Order of the Court.  Any use of Protected Material at trial shall be governed by separate agreement and/or the Orders of the trial judge. This

Order does not govern the use of Protected Material at trial.

3.4    This Order is without prejudice to the right of any Party or Non-Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an Order that certain matter not be produced at all.

## IV.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. To the extent it is practical to do so, and except as is otherwise provided in this Order, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify— so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties in its respective action that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as is otherwise provided in

this Order (*see, e.g.,* second paragraph of Section 5.2(a) below), or as is otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify: (1) on the record, before the close of the deposition, hearing, or other proceeding, or (2) within 14 days of receipt of the final transcript, the level of protection being asserted.

The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. Any transcript that was not designated on the record pursuant to the first paragraph of section 5.2(b) above shall be treated during the 14-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation after recognition by a Producing Party, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.* or as is otherwise ordered by the Court.

6.3     <u>Burden</u>.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>. Absent further Order from the Court, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order; provided, however, that nothing in this Order shall be deemed to preclude Outside Counsel of Record of a Receiving Party from using their knowledge of the existence of any Protected Material of a Producing Party to advise their respective client representatives of the Receiving Party in general terms about the potential impact of that Protected Material on the litigation—without disclosing the actual content of the Protected Material—for the purpose of assisting the client in making decisions regarding prosecution, defense, or settlement of the litigation. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as they are defined in this Order) of the Receiving Party: (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures in Paragraph 7.4(a), below, have been followed, as well as employees of said Experts or Experts' firms to whom disclosure is reasonably necessary for this Action;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed a confidentiality agreement or the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

bound by the court reporter and may not be disclosed to anyone except as is permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions or appointed by the Court.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as they are defined in this Order) of the Receiving Party: (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures in Paragraph 7.4(a), below, have been followed, as well as employees of said Experts or Experts' firms to whom disclosure is reasonably necessary for this Action;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party;

(g) during their depositions, witnesses, and attorneys for witnesses, in the

Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions or appointed by the Court.

7.4    <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts</u>.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as they are defined in this Order) any information or item that has been designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," first must make a written request by e-mail to the Designating Party's Outside Counsel of Record that: (1) contains the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, including a list of publications from the past five years, (3) identifies (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years.[1] The Designating Party shall have seven (7) days after such

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the

notice is given to object in writing by e-mail to the Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the Expert.

(b) A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Expert until expiration of the 7-day notice period. Any such objection must contain in detail the grounds on which it is based. If, during the notice period, the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the Expert, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

(c) A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days after the written objection is served. The Designating Party shall then have seven (7) days after such objection is served to, if no agreement is reached, contact the Court pursuant to the applicable Court Orders and Local Rules. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. Any motion filed pursuant to this paragraph must describe the circumstances with specificity and set forth in detail the reasons why the disclosure to the Expert should not be made. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and contain the reasons advanced by the Designating Party for its refusal to approve the disclosure.

No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Such written agreement shall be retained by the Outside Counsel of Record for the party that has retained the

Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

Expert but need not be disclosed to any other Party.

In any such proceeding, the Designating Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8.2     The provisions in this Protective Order are not intended to, and do not, restrict in any way the procedures in Federal Rule of Civil Procedure 45(d)(3) or (f).

## IX.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information (unless a different period of time is specified by a contract or agreement involving the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested), the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a

protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection and providing with such notice a privilege log with respect to the documents subject to the notice.

If any Receiving Party recognizes that any Producing Party (or Non-Party) may have inadvertently produced such protected information, it shall notify the Producing Party promptly, and follow such procedures in this Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving

Party or otherwise), the Producing Party who made the inadvertent production or disclosure may send to each Receiving Party a written request for return and/or destruction of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time. Within five (5) days of receiving such a request, the Receiving Party shall: (a) return to the Producing Party or destroy all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work-product immunity, or other privilege or immunity and as having been inadvertently produced, and (b) delete any electronic records thereof (with the exception of back-up tapes or other archival media, which should be treated in accordance with standard retention policies). The Receiving Party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.

(a) If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party or destroyed ("Notice of Designation"). The Receiving Party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b) Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c) Within five (5) days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed. Any motion filed pursuant to this paragraph shall be filed under seal in accordance with the procedures for filing Protected

Material with the Court. If the Receiving Party does not contest the designation within such five (5)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in subparagraph (a) of this Section 12 shall be immediately returned to the Producing Party. Likewise, in the event that the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party shall be immediately returned to the Producing Party.

(d) With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall make reasonable efforts to either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e) The procedures in this Section for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity. There shall be no waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity for an inadvertent disclosure or production if the Producing Party complies with the procedures in this Protective Order with respect to such inadvertent disclosure or production.

## XII. **MISCELLANEOUS**

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this

Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a Court Order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4   <u>Expert Materials and Communications</u>. Except as is noted in subpart (f) below, the following categories of information and documents need not be disclosed by any Party, and are outside the scope of permissible discovery for any expert, including at deposition, and are inadmissible at trial:

(a) Drafts of expert reports, draft work papers or other preliminary, intermediate or draft materials prepared by, for, or at the direction of an expert witness and the contents of such drafts.

(b) Any oral or written communications between the experts and attorneys for the party offering the testimony of such expert witness. The discoverability of such communications is in no way affected by the presence of other persons, in addition to the expert and the attorneys for the party offering the testimony, during such communications.

(c) Any oral or written communications between an expert witness and the expert's assistants and/or clerical or support staff.

(d) Any notes taken or other writings prepared by or for an expert witness in

connection with this matter including, but not limited to, correspondence or memos to or from, and notes of conversations with, the expert's assistants and/or clerical or support staff or attorneys for the party offering the testimony of such expert witness.

(e) Any oral or written communications between an expert witness and any employee or other expert for the party on whose behalf the expert was engaged.

(f) Notwithstanding the above, communications regarding the expert's compensation, communications identifying facts or data relied upon by the expert in his or her opinions, or communications identifying assumptions provided to the expert that the expert used in developing his or her opinions may be within the scope of permissible discovery for any expert, including at deposition, provided that such information regarding the expert's compensation, facts, data or assumptions have not been made available to the other Party in any other Documents (including, without limitation, an expert report, witness statement, or other memorial submission) or are otherwise publicly available.

## XII.  **FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. "All Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline confirming the return or destruction of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

1   IT IS SO STIPULATED.

2

3   Dated: April 10, 2024          Respectfully submitted,

4
                                   */s/  S. Michael Kernan*
5                                  S. Michael Kernan, State Bar No. 181747
                                   mkernan@kernanlaw.net
6                                  R. Paul Katrinak, State Bar No. 164057
                                   pkatrinak@kernanlaw.net
7
8                                  **THE KERNAN LAW FIRM**
                                   9663 Santa Monica Blvd., Suite 450
9                                  Beverly Hills, California 90210
                                   Telephone: (310) 490-9777
10                                 Facsimile: (310) 861-0503

11
                                   Attorneys for Plaintiff
12                                 **Seacool, Inc.**

13
                                   */s/  David M. Stein*
14                                 David M. Stein (California Bar #198256)
                                   dstein@olsonstein.com
15                                 **OLSON STEIN LLP**
                                   240 Nice Lane #301
16                                 Newport Beach, CA 92663
                                   Phone: 949.887.4600
17
18
                                   J. Thad Heartfield (*Pro Hac Vice*)
19                                 thad@heartfieldlawfirm.com
                                   M. Dru Montgomery (*Pro Hac Vice*)
20                                 dru@heartfieldlawfirm.com
21                                 **THE HEARTFIELD LAW FIRM**
                                   2195 Dowlen Road
22                                 Beaumont, Texas 77706
                                   Phone 409.866.3318
23                                 Fax:    409.866.5789
24
25                                 Attorneys for Defendant
                                   **National Chassis, LLC**
26
27
28

STIPULATED PROTECTIVE ORDER

1

### FILER'S ATTESTATION

2       Pursuant to Local Rule 5-4.3.4(a)(2), the filer attests that all other signatories

3  to this document concur in the content of, and have authorized, this filing.

4

5  Dated: April 10, 2024                    /s/ David M. Stein

6                                           David M. Stein

7                                           Counsel for National Chassis, LLC

8

9  IT IS SO ORDERED.

10

11  DATED: April 12, 2024

12

13

14

        / s / Sagar

15  THE HONORABLE ALKA SAGAR

16  United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on _____ [date] in the case of *Seacool, Inc v. National*

*Chassis, LLC, et al., Civil Case No. 2:24-cv-01759-SVW (ASx) (C.D. Cal.)*("the

Action"). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order.

  I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

Action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

- 23 -
STIPULATED PROTECTIVE ORDER
